# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DION JACKSON,
:
    Petitioner,                          Case No. 1:11-cv-449

:        District Judge S. Arthur Spiegel
  -vs-                                 Magistrate Judge Michael R. Merz

TIMOTHY BRUNSMAN,
  Warden,
:
    Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* under 28 U.S.C. § 2254 by Petitioner Dion Jackson. He pleads the following Grounds for Relief:

> **Ground One:** The jury erred to the prejudice of Appellant by finding him guilty of murder and felonious assault, as those findings were not supported by sufficient evidence, and the state failed to meat [sic] it's [sic] burden of proof.
>
> **Ground Two:** The jury erred to the prejudice of the Appellant by finding him guilty of murder and felonious assault, as those findings were contrary to law, and where [sic] against the manifest weight of the evidence.
>
> **Ground Three:** The trial court erred to the prejudice of the Appellant by overruling his Motion for Aquittal [sic] under Ohio Criminal Procedure Rule 29, as the state failed to meet it's [sic] burden of proving that the Appellant was guilty of murder and felonious assault.
>
> **Ground Four:** The trial court erred to the prejudice of the Appellant by imposing a sentence that is contrary to law because it is excessive.

>**Ground Five:** The trial court erred to the prejudice of Appellant sentencing him on counts 2, 3, and 4, as they were offenses of similar import and should have been merged.
>
>**Ground Six:** The trial court erred to the prejudice of Appellant by not giving a jury instruction for the inferior degree offence [sic] of manslaughter and the lesser included offence [sic] of aggravated assult [sic].

(Petition, Doc. No. 1.) On Judge Litkovitz's Order (Doc. No. 3), the Respondent Warden has filed a Return of Writ (Doc. No. 8) and Petitioner has filed a Traverse in support (Doc. No. 12). Mr. Jackson makes arguments in support of his Petition only in the Traverse and only that document is cited herein for his arguments.

## Procedural History

Petitioner was indicted by the Hamilton County Grand Jury on two counts of murder and felonious assault, each count having a firearm specification. He was convicted on the second murder count and both felonious assault counts with their attendant firearm specifications. The jury could not reach a verdict on the first murder count and it was later dismissed by the State. The trial judge imposed a sentence of twenty-six years to life.

Represented by new counsel, Petitioner pled the following assignments of error in the Hamilton County Court of Appeals:

>1. The jury erred to the prejudice of the Defendant-Appellant by finding him guilty of murder and felonious assault, as those findings were not supported by sufficient evidence.

2. The jury erred to the prejudice of the Defendant-Appellant by finding him guilty of murder and felonious assault, as those findings were contrary to law.

3. The trial court erred to the prejudice of the Defendant-Appellant by overruling his Motion for Acquittal under Ohio Criminal Procedure Rule 29.

4. The trial court erred to the prejudice of Defendant-Appellant by imposing a sentence that is an abuse of discretion.

5. The trial court erred to the prejudice of Defendant-Appellant in sentencing him on Counts 2, 3, and 4.

6. The trial court erred to the prejudice of Defendant-Appellant by not giving a jury instruction for an inferior degree offense and a lesser included offense.

(Merit Brief, Return of Writ, Doc. No. 8, Ex. 7.) The court of appeals affirmed the judgment of the trial court. *State v. Jackson*, 2010 Ohio 4312, 2010 Ohio App. LEXIS 3654 (Ohio App. 1st Dist. Sept. 15, 2010). The Ohio Supreme Court declined jurisdiction on further appeal. *State v. Jackson*, 127 Ohio St. 3d 1486 (2010).

**Analysis**

**Grounds One, Two, and Three**

In his first three Grounds for Relief, Petitioner challenges the sufficiency and weight of the evidence presented. Grounds One and Three raise precisely the same claim – that there was insufficient evidence to convict – because a motion for acquittal under Ohio R. Crim. P. 29 presents precisely that claim. In Ground Two, Mr. Jackson asserts his conviction is against the manifest weight of the evidence.

The Warden argues that Ground Two is not cognizable in habeas corpus because there is no constitutional right to set aside a conviction which is against the manifest weight of the evidence. Of course, only federal constitutional violations can be considered as a basis for relief in habeas corpus. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

In *State v. Thompkins,* 78 Ohio St. 3d 380 (1997)*,* the Ohio Supreme Court reaffirmed the important distinction between appellate review for insufficiency of the evidence and review on the claim that the conviction is against the manifest weight of the evidence. It held:

> In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.)
>
> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

78 Ohio St. 3d at 387. In *State v. Martin*, 20 Ohio App. 3d 172 (Hamilton Cty. 1983), cited approvingly by the Supreme Court in *Thompkins* and cited by Mr. Jackson in his Traverse (Doc. No. 12, PageID 1135), Judge Robert Black contrasted the manifest weight of the evidence claim:

> In considering the claim that the conviction was against the manifest weight of the evidence, the test is much broader. The court,

> reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

485 N.E. 2d at 718, ¶3 of the syllabus. This Court does not have authority to decide the manifest weight claim because it does not state a federal constitutional claim.

In contrast, Grounds One and Three, which challenge the legal sufficiency of the evidence, do state a federal constitutional claim. An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after

enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008).

In deciding the relevant assignments of error on direct appeal, the Hamilton County Court of Appeals held:

> [*P10] In three interrelated assignments of error, Jackson next challenges the weight and the sufficiency of the evidence adduced to support his convictions. Jackson was convicted of felony murder, under R.C. 2903.02(B), which proscribes causing the death of another as a proximate result of committing an offense of violence that is a felony of the first or second degree. The predicate offense of violence

in this case was felonious assault,[4] under R.C. 2903.11(A)(1), which proscribes knowingly causing serious physical harm to another.

FOOTNOTES

4 See R.C. 2901.01(A)(9).

[*P11]  Our review of the record fails to persuade us that the jury, sitting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered.[5] The jury was entitled to reject Jackson's theory that Champion had begun the altercation when Jackson tried to leave the party, that an accidental discharge of Jackson's gun during the hallway fight had caused the first wounding of Champion, that Jackson had then shot Champion in the back to prevent Champion from flipping him over the railing, and that he had fled to Georgia to see his daughter before turning himself in to authorities.

FOOTNOTES

5 See *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997 Ohio 52, 678 N.E.2d 541.

[*P12]  The state presented ample evidence to support the convictions, including Jackson's own testimony that he had shot Champion. Each witness, save Jackson, testified that Jackson had started the fight with Champion inside the Deans' apartment, and that Krystal and her mother had pushed Jackson out into the hallway, where the two continued the fight. Krystal Dean testified that Jackson had drawn his gun at the beginning of the fight. She and her mother both testified that, after the first shot, Jackson had raced downstairs and then returned. Krystal stated that as Champion stood injured at the top of the stairs, Jackson had fired the final, fatal shot from the steps below. The deputy coroner and a firearms expert corroborated the Deans' versions of how Jackson had inflicted the gunshot wounds on Champion.

* * *

[*P14] The record reflects substantial, credible evidence from which the trial court could have reasonably concluded that the state had proved all elements of the charged crimes beyond a reasonable doubt, including that Jackson had possessed a weapon when he assaulted Champion in the hallway and returned to administer the fatal gunshot

FOOTNOTES

7 *See Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L. Ed. 2d 560; see, also, *State v. Conway*, 108 Ohio St. 3d 214, 2006 Ohio 791, 842 N.E.2d 996, P36.

[*P15] The trial court also properly denied Jackson's motions for a judgment of acquittal, as reasonable minds could have reached different conclusions as to whether each element of the crimes charged had been proved beyond a reasonable doubt.[8] The first, second, and third assignments of error are overruled.

FOOTNOTES

8 See Crim.R. 29; see, also, *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 381 N.E.2d 184.

*State v. Jackson, supra*. The court of appeals' opinion applies the correct federal law and recites testimony, including testimony from Petitioner, which is sufficient, if construed most strongly in favor of the State, to support the convictions for felonious assault and murder. Therefore that opinion is neither contrary to nor an objectively unreasonable application of clearly established federal law. Grounds One, Two, and Three should be dismissed with prejudice.

## Ground Four

In Ground Four, Petitioner asserts his sentence is excessive and therefore contrary to law.

The Warden argues that this claim was never presented as a federal constitutional claim to the state courts and is therefore procedurally defaulted and that as a state law claim it is not

cognizable in federal habeas corpus.

In the Traverse Petitioner does not respond directly to either of these points. He notes that criminal sentences in Ohio are appealable for abuse of discretion (Traverse, Doc. No. 12, PageID 1135), but an abuse of discretion by a state court judge does not rise to the level of a constitutional violation. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995). An excessive punishment – one not proportional to the seriousness of the offense – can be unconstitutional under the Eighth Amendment's prohibition on cruel and unusual punishment. *Weems v. United States*, 217 U.S. 349, 367 (1910); *Trop v. Dulles*, 356 U.S. 86, 100-101 (1958). However, Petitioner never presented an Eighth Amendment excessiveness claim to the state courts. Instead, he claimed the trial court erred in imposing maximum, consecutive sentences. On this claim the court of appeals wrote:

> [*P29] Finally, Jackson argues that the trial court erred in imposing maximum, consecutive sentences. We conduct a two-part review of Jackson's sentences of imprisonment.[33] First we must determine whether the sentences were contrary to law.[34] Then, if the sentences were not contrary to law, we must review each to determine whether the trial court abused its discretion in imposing them.[35]
>
> FOOTNOTES
>
> 33 See *State v. Kalish*, 120 Ohio St.3d 23, 2008 Ohio 4912, 896 N.E.2d 124.
>
> 34 See id. at P14.
>
> 35 See id. at P17.
>
> [*P30] Here, Jackson concedes that the sentences are within the range provided by statute.[36] At the sentencing hearing, the trial court listened to Jackson's statement and the statements of his family members. It heard the victim-impact statement of Champion's wife. It reviewed the presentence-investigation report. On the state of this record, we cannot say that the trial court acted unreasonably, arbitrarily, or unconscionably in imposing these sentences.[37] The fourth assignment of error is overruled.

FOOTNOTES

36 See *State v. Boggs*, 1st Dist. No. C-050946, 2006 Ohio 5899, P6; see, also, *State v. Hairston*, 118 Ohio St.3d 289, 2008 Ohio 2338, 888 N.E.2d 1073, syllabus.

37 See *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

*State v. Jackson, supra*. The question of whether the trial court violated state law in imposing the sentences it did cannot be re-examined by this Court – it is solely a question of state law. Nor can this Court examined an issue of federal law which Petitioner has defaulted by never presenting it to the state courts.

In his Traverse, Mr. Jackson argues that the trial court failed to meet the standard of *Oregon v. Ice*, 555 U.S. 160 (2009)(Traverse, Doc. No. 12, PageID 1136). However, *Ice* stands for the proposition that a decision to impose consecutive sentences can be left entirely to the discretion of trial since the jury played no part in that decision at common law.

In sum, this Court cannot review the state law questions raised in Mr. Jackson's Fourth Ground for Relief and he procedurally defaulted any federal claims by not presenting them to the state courts. The Fourth Ground for Relief should be dismissed with prejudice.

**Ground Five**

In his Fifth Ground for Relief, Petitioner asserts his convictions on Counts 2, 3, and 4 should have been merged for sentencing purposes because the offenses of conviction are allied offenses of similar import. This claim does not raise a federal constitutional question. The court of appeals saw it as raising only a question of the interpretation of Ohio Rev. Code § 2941.25, the Ohio statute which prohibits multiple punishments for allied offenses of similar import committed with the same animus. *See State v. Jackson, supra*, ¶¶ 16-28. The only federal constitutional claim which comes close is the right not to be punished twice under the Double Jeopardy Clause, but no double jeopardy claim was ever argued in the state courts, nor does Petitioner raise such a claim in his Traverse. Instead, he argues at length that the court of appeals is wrong in its interpretation of Ohio Rev. Code § 2941.25 (Traverse, Doc. No. 12, PageID 1137-1139). That is not a question which this Court can consider for we are not sitting in habeas as an appellate court on state law questions.

Because the Fifth Ground for Relief does not raise a federal constitutional claim, the Court need not decide whether it is procedurally defaulted as the Warden argues. The Fifth Ground should be dismissed with prejudice.

**Ground Six**

In his Sixth Ground for Relief, Mr. Jackson asserts the trial court erred in not instructing on the lesser included offenses of manslaughter and aggravated assault. This claim was raised as the sixth assignment of error on direct appeal and the court of appeals wrote:

[*P9] In his sixth assignment of error, Jackson asserts that the trial court erred when it failed to instruct the jury on voluntary manslaughter and on aggravated assault, both offenses of inferior degree to the charged crimes. Both inferior offenses contain the mitigating circumstance of serious provocation occasioned by the victim.[1] A trial court is required to instruct the jury on these offenses "only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser * * * offense."[2] Here, Jackson's own testimony revealed he had not been under the influence of sudden passion or in a sudden fit of rage. He denied being angry when he fought with Champion. The other evidence adduced at trial demonstrated that Jackson had not been provoked by Champion and that Jackson had initiated the fight. Thus there was insufficient evidence to support a conclusion that Jackson had been provoked into a sudden passion or fit of rage by Champion.[3] The assignment of error is overruled.

FOOTNOTES

1 See *State v. Smith*, 168 Ohio App.3d 141, 2006 Ohio 3720, 858 N.E.2d 1222, P5.

2 See *State v. Thomas* (1988), 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph two of the syllabus (stating the test for giving a lesser-included-offense instruction); see, also, *State v. Shane* (1992), 63 Ohio St.3d 630, 632, 590 N.E.2d 272 (holding that the same test is employed when determining whether an instruction should be given for an inferior-degree offense).

3 See S*tate v. Levett,* 1st Dist. No. C-040537, 2006 Ohio 2222; see, also, *State v. Smith* at P43 et seq.

*State v. Jackson, supra.* As can be seen, the court of appeals found there was no evidence to support a jury instruction on the lesser included offenses, including testimony from Jackson himself that he was not angry with the victim. In his Traverse, Jackson points to no evidence which would have supported the requested instructions (Traverse, Doc. No. 12, PageID 1140).

As a matter of federal constitutional law, a defendant is entitled to a lesser-included offense

instruction only when the evidence warrants it. *Beck v. Alabama*, 447 U.S. 625, 636, fn. 12 (1980); *Keeble v. United States*, 412 U.S. 205(1973); *State v. Kilby*, 50 Ohio St. 2d 21 (1977). "Due process requires that a lesser included offense instruction be given only when the evidence warrants such an instruction." *Palmer v. Bagley*, 2009 U.S. App. LEXIS 11695 *9 (6th Cir. May 29, 2009), *quoting Hopper v. Evans*, 456 U.S. 605, 611 (1982). The state court of appeals is entitled to deference on what the trial record shows, particularly where Petitioner cites no record references to contradict those findings. There being no evidence to support the lesser-included instructions, Petitioner was not entitled to them. The Sixth Ground for Relief should be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, the Petition herein should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and thus not entitled to proceed *in forma pauperis*.

May 24, 2012.

s/ **Michael R. Merz**<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations

are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).