# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

DION JACKSON,

                              :

           Petitioner,                          Case No. 1:11-cv-449

                              :         District Judge S. Arthur Spiegel

      -vs-                                   Magistrate Judge Michael R. Merz

TIMOTHY BRUNSMAN,
  Warden,

                              :

           Respondent.

---

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 17) to the Magistrate Judge's Report and Recommendations (the "Report") recommending that the Petition herein be dismissed with prejudice (Doc. No. 15).

### Grounds One, Two, and Three:  Sufficiency of the Evidence

In Grounds for Relief One and Three, Petitioner asserts that his conviction was based on insufficient evidence.  In Ground Two he asserts it was against the manifest weight of the evidence.  The Report noted that a manifest weight claim is not cognizable in federal habeas corpus.  In his Objections, Petitioner requests that the arguments on manifest weight be considered only insofar as they support the sufficiency of the evidence claims, and the Court will certainly do so.

Petitioner concedes that the evidence at trial might have met the sufficiency of the evidence

test adopted in *Jackson v. Virginia*, 443 U.S. 307 (1979), and *In re Winship*, 397 U.S. 358 (1970), if Petitioner and the victim had met for the first time on the night of the incident in suit.  However, Petitioner argues, he had on a prior occasion been shot at by another member of Champion's family and nearly killed.

Sasin rejecting these claims, the court of appeals noted that every witness except for Petitioner testified that Petitioner started the fight with Champion, pulling his weapon at the beginning of the fight.  *State v. Jackson*, 2010 Ohio 4312, ¶ 12, 2010 Ohio App. LEXIS 3654 (Ohio App. 1st Dist. Sept. 15, 2010).Contrary to Petitioner's claim, it was the second shot which was fatal, a conclusion corroborated by both the deputy coroner and a firearms expert.  *Id.*

Petitioner understands that findings of fact by the state courts, including the court of appeals, are entitled to a presumption of correctness which he must overcome.  (Objections, Doc. No. 17, PageID 1165.)  To do so, he asks this Court to read the trial transcripts, although he gives no page references to the portions on which he relies.  *Id.* At Petitioner's request, the Court has read all of the testimony from trial.

Defendant is the only person who testified for the defense at trial.  His testimony does not support any connection between the shooting of his brother several weeks to a month before he shot William Champion.  In particular, there is no support for the allegation that Champion recognized Jackson "as the intended victim of his relative Armando in the earlier incident."  (Objections, Doc. No. 17, PageID 1165.)

Jackson asserts that "[t]rial testimony supports this finding that Champion was the aggressor." *Id.*  Actually, the trial testimony was that Champion and Jackson interacted for several hours without any physical aggression.  Two witnesses testified that Jackson flipped over a card

table and at that point the hostess tried to eject both Jackson and Champion.  Jackson argues in the Objections that he "drew his weapon," fearing for his safety.  At trial he testified that Champion went for his gun, not that he drew on Champion.  No one testified at trial that Champion fired the first shot with Jackson's gun and thereby inflicted the fatal wound.  The deputy coroner was not able to testify which shot came first, but believed two of the three shots could have been fatal, one almost immediately and the other unless Champion received very prompt medical care.  No other witness testified that Champion's was about to throw Jackson over a railing at the time Champion was fatally shot.  Furthermore, Jackson was very effectively cross-examined about why he had a weapon on his person, what he knew about operating it, whether it was loaded, and so forth.  He was also forced to admit that he fled the City of Cincinnati at once and was arrested on other charges in Georgia before his identity was discovered.

Certainly the testimony at trial was in conflict, but the jury resolved that conflict by finding against Jackson.  Neither the jury nor the court of appeals made a finding that was clearly erroneous in light of the evidence presented at trial.  Petitioner's Grounds One and Three are therefore without merit.

**Ground Four:  Excessive Sentence**

In his Fourth Ground for Relief, Petitioner asserts his sentence is excessive.  The Report found this claim procedurally defaulted because it was never presented to the Ohio courts as a federal constitutional claim (Report and Recommendations, Doc. No. 15, PageID 1153-1155).

- 3 -

In the Objections, Petitioner faults the Magistrate Judge for "tak[ing] cover behind the procedural bar." (Objections, Doc. No. 17, PageID 1167.) This statement betrays a misunderstanding of the role of federal habeas courts in reviewing state convictions. When a state prisoner fails to present a federal constitutional question to the state courts, federal habeas courts are bound by Supreme Court precedent to treat that claim as defaulted.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright,* 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman,* 501 U.S. at 724.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U. S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent*, 17 F.3d 155 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985). "Even if the state court failed to reject a

- 4 -

claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423 (6th Cir. 2009), *citing Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

Petitioner asserts that "[w]hile the Petitioner's claim is not solidly and articulately framed in the form of a Federal Constitutional Question [in the state courts], it is well within the main stream of Federal Constitutional Law and as such should not be considered procedurally defaulted." (Objections, Doc. No. 17, PageID 1167.) Petitioner's Fourth Assignment of Error on direct appeal was that "[t]he trial court erred to the prejudice of Defendant-Appellant by imposing a sentence that is an abuse of discretion." (Appellant's Brief, Return of Writ, Doc. No. 8, Ex. 7, PageID 99.) Petitioner's entire argument on this assignment of error is as follows:

> The sentence was excessive.
>
> Sentences in Ohio courts are controlled by R.C. Sections 2929.11 through 2929.14. Under Section 2929.12, a trial court initially considers the seriousness of the crime and the likelihood of recidivism. The court then considers and is guided by the degree of the felony in determining whether to impose a prison term under Section 2929.13. Under Section 2929.14, the court is guided by the basic range of prison terms. Mr. Jackson was convicted of murder with a gun specification, carrying a mandatory 15 years to life plus 3 years on the gun specification; he also was convicted of 2 felonies of the second degree with a gun specification, carrying 2 to 8 years incarceration plus 3 years on the gun specification. Finally, there is a preference for community control for felonies of the fourth or fifth degree.
>
> In the case at bar, the trial court sentenced Mr. Jackson to maximum, consecutive sentences. This sentence, although within the sentencing range, was an abuse of the trial court's discretion, as it was erroneous and excessive. See *State v. Kalish* (Ohio 2008), 120 Ohio St.3d 23, _ N.E.2d _, 2008 Ohio 4912. The trial court erred in sentencing Mr. Jackson. Therefore, Mr. Jackson's sentence should be vacated or modified by this Court.

*Id*. at PageID 109.

As Petitioner asserts, there are occasions when a state court defendant will have made claims in the state courts which, while not explicitly invoking the United States Constitution, in fact fairly place before the state courts the substance, both facts and legal theory, of a claim or claims later made in habeas corpus. In *Franklin v. Rose*, 811 F.2d 322 (6th Cir. 1987), the Sixth Circuit cited with approval a Second Circuit analysis in *Daye v. Attorney General,* 696 F.2d 186 (2nd Cir. 1982), *after remand*, 712 F.2d 1566 (2nd Cir. 1983):

> [T]he ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution, include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like factual situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts well within the mainstream of constitutional litigation.

811 F.2d at 326, *quoting* 696 F.2d at 193-94; *accord*, *Whiting v. Birt*, 395 F.3d 602 (6th Cir. 2005); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000).

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

- 6 -

A state prisoner ordinarily does not 'fairly present' a federal claim to a state court if that court must read beyond a petition, a brief, or similar papers to find material that will alert it to the presence of such a claim.  *Baldwin v. Reese*, 541 U.S. 27 (2004).

A petitioner fairly presents a federal habeas claim to the state courts only if he "asserted both the factual and legal basis for his claim.  *Hicks v. Straub*, 377 F.3d 538 (6th Cir. 2004), *citing McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000); and *Picard v. Connor*, 404 U.S. 270, 276, 277-78 (1971).

> In determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, we consider whether: 1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; 2) the petitioner relied upon federal cases employing the constitutional analysis in question; 3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or 4) the petitioner alleged "facts well within the mainstream of [the pertinent] constitutional law."

*Hicks* at 552-53, *citing McMeans*, 228 F.3d at 681.  *See also Fulcher v. Motley,* 444 F.3d 791 (6th Cir. 2006); *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)(citing the wrong cases in support of a particularized constitutional claim is not a basis for default).

Examining Petitioner's claim as actually made in the state courts, one sees that the Eighth Amendment and the Cruel and Unusual Punishment Clause are never mentioned, nor are any federal cases cited.  Petitioner relies on state statutes and *State v. Kalish*, 120 Ohio St. 3d 23 (2008).  *Kalish* does not discuss the Eighth Amendment, but decides a question of Ohio statutory interpretation.

Thus nothing about Petitioner's presentation of his Fourth Assignment of Error would have alerted the Ohio court of appeals that it was supposed to be deciding a federal constitutional question.  The Fourth Ground for Relief is therefore procedurally defaulted.

- 7 -

Even if it were not procedurally defaulted, Petitioner has presented no authority suggesting that the sentence he received is excessive in term of the Eighth Amendment.  Petitioner received twenty-six years to life for murder.  The Supreme Court has declined to find cruel or unusual punishment for a sentence of 25 years to life for the theft of a few golf clubs under California's so-called three-strikes recidivist sentencing scheme. *Ewing v. California,* 538 U.S. 11 (2003); *see also Lockyer v. Andrade*, 538 U.S. 63 (2003).  The Court has also upheld a sentence of life with the possibility of parole for a defendant's third nonviolent felony, the crime of obtaining money by false pretenses, *Rummel v. Estelle,* 445 U.S. 263 (1980), and a sentence of 40 years for possession of marijuana with intent to distribute and distribution of marijuana, *Hutto v. Davis*, 454 U.S. 370 (1982) (per curiam).  In *Harmelin v. Michigan*, 501 U.S. 957(1991), the Court upheld a life sentence without possibility of parole for possessing a large quantity of cocaine.

A sentence within the statutory maximum generally does not constitute cruel and unusual punishment.  *Austin v. Jackson,* 213 F. 3d 298 (6th Cir. 2000); *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995).  The sentence in this case was well within the statutory maximum.  Petitioner's Fourth Ground for Relief is without merit.

## Ground Five:  Double Jeopardy

In his Fifth Ground for Relief, Petitioner asserted that counts 2, 3, and 4 of the indictment were allied offenses of similar import and the convictions should have been merged.  The Magistrate Judge found this did not raise a federal constitutional claim:  nothing in the United States Constitution prohibits multiple punishments for allied offenses of similar import.

Petitioner objects "[i]t is mainstream Constitutional Law, under the United States Supreme Court holding in *Pierce v. North Carolina*, 395 U.S. 711 that the Double Jeopardy Clause prohibits multiple punishments for a single action." (Objections, Doc. No. 17, PageID 1167). He also argues that "[i]t is well known that [Ohio Revised Code §] 2941.25 is the Ohio legislature's response to the United States Supreme Court's holdings in *Pierce*." *Id.* at PageID 1168.

The Double Jeopardy Clause of the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165(1977), *quoting North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).

The Double Jeopardy Clause of the Fifth Amendment was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784 (1969).

The test for whether two offenses constitute the same offense is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688 (1993); *Blockburger v. United States*, 284 U.S. 299 (1932). Where two offenses are the same for *Blockburger* purposes, multiple punishments can be imposed if the legislature clearly intended to do so. *Albernaz v. United States*, 450 U.S. 333, 344 (1981); *Missouri v. Hunter*, 459 U.S. 359, 366 (1983); *Ohio v. Johnson*, 467 U.S. 493, 499 (1984); and *Garrett v. United States*, 471 U.S. 773, 779 (1985).

As with the Fourth Ground for Relief, Petitioner's Fifth Assignment of Error on appeal was stated solely as a matter of state law and argued solely on the basis of state case law (Appellant's

- 9 -

Brief, Return of Writ, Doc. No. 8, Ex. 7, PageID 110-112). Double Jeopardy is not mentioned, nor

were any of the state cases cited by Petitioner as appellant based on the Double Jeopardy Clause.

*North Carolina v. Pearce, supra,* in particular was not cited. Thus no double jeopardy claim was

fairly presented to the state courts.

### Ground Six:  Lesser Included Offense

In his Sixth Ground for Relief, Petitioner asserted that, as a matter of due process, the jury

should have been instructed on lesser degree offenses of aggravated assault and manslaughter.  The

Magistrate Judge deferred to the state court finding that Petitioner had submitted insufficient

evidence to require either of this instructions (Report and Recommendations, Doc. No. 15, PageID

1157).  In his Objections, Petitioner says he had "assumed the magistrate would read the trial

transcript, which were [sic] provided by the Attorney General" (Objections, Doc. No. 1168.)  In

response to the Objections, the Magistrate Judges has now done so and again finds that the court of

appeals decision on this point is not an objectively unreasonable application of clearly established

Supreme Court law.

### Conclusion

Based on the foregoing analysis, it is again respectfully recommended that the Petition be

dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion,

Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth

Circuit that any appeal would be objectively frivolous and thus not entitled to *proceed in forma pauperis.*

August 23, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).

- 11 -