# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DION JACKSON,

     Petitioner,

:    Case No. 1:11-cv-449

:    District Judge S. Arthur Spiegel
     Magistrate Judge Michael R. Merz

  -vs-

TIMOTHY BRUNSMAN,
  Warden,

:

     Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 21) to the Magistrate Judge's Supplemental Report and Recommendations (Doc. No. 19). District Judge Spiegel has recommitted the case for reconsideration in light of the Objections (Doc. No. 22).

### Grounds One, Two, and Three: Sufficiency of the Evidence
### Ground Six: Jury Instruction on Lesser Included Offense

In his first three grounds for relief, Jackson asserts his convictions for murder, felonious assault, and a firearms specification are not supported by sufficient evidence. In his Sixth Ground for Relief, he claims he was entitled on the basis of the evidence to a jury instruction on lesser included offenses.

The gravamen of Jackson's claim is that the evidence is insufficient because several

1

weeks before the fatal shooting of Mr. Champion at issue in this case, someone named Armando, a member of Champion's family, had shot at Jackson but hit his brother Michael Willis instead. Allegedly these facts are sufficient to prove that Champion was the aggressor on the night he was fatally shot and therefore Jackson is not guilty because he was defending himself or at most guilty of manslaughter.

In his first set of Objections (Doc. No. 17), Jackson asserted all of this would be clear if the Magistrate Judge would just read the trial transcript. In the Supplemental Report, the Magistrate Judge represented twice that he had done exactly that (Supplemental Report, Doc. No. 19, at PageID 1173: "At Petitioner's request, the Court has read all the testimony from trial"; PageID 1181: "In response to the Objections, the Magistrate Judge has now done so [read the trial transcript].") In his Objections to the Supplemental Report, Jackson accuses the Magistrate Judge of lying on this matter:

> The Magistrate, in his [Supplemental] Report and Recommendations, indicates to this Court that he read the entire testimony from the Trial. This Petitioner does in fact dispute that was done. . . . either he merely glanced over it, or did not actually read it at all.

(Objections, Doc. No. 21 PageID 1187.) Whether Petitioner believes it or not, the Magistrate Judge has read the trial testimony and the recommendation of deference to the court of appeals factual findings is based on that reading and on the relevant law which requires deference both to the factual determinations of the jury and to the court of appeals review. *Coleman v. Johnson*, 566 U.S. ___, ___, 132 S. Ct. 2060, 2062, (2012)(*per curiam)*; *Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009).

After accusing the Magistrate Judge of lying, Petitioner then says he "will point to specific pages in the Transcript which support his contention that the State Court of Appeals did

not consider. . . ." (Objections, Doc. No. 21, PageID 1188.) He cites to the testimony of Desheila Dean which appears in the transcript at pp. 356-383 (PageID 571-598)[1], and that of Krystal Dean pp. 383-411 (PageID 598-626), which he claims "clearly shows that Mr. Champion was the aggressor" (Objections, Doc. No. 21, PageID 1188).

On the contrary, Krystal Dean testifies "Dion was the one who was the aggressor throughout this." (PageID 626). At the same place she says "Dion is the one that lost his temper." She testified Jackson came to the party with a gun which he asked her to hide for him (Tr. Tr. 389, PageID 604). She also testified Jackson flipped the table and "just went into a rage" (Tr. Tr. 394, 396, PageID 609, 611). Jackson's cousin, Vince Carr, who brought him to the party, was trying unsuccessfully to calm Jackson down (Tr. Tr. 398, PageID 613). At the time when Champion and Jackson went out the front door, Jackson had a gun which she believes is the one he had before (Tr. Tr. 402; PageID 617). Whichever gun it was, he intimidated Brittany to get it. *Id.* After Jackson shot Champion once, he ran down the stairs, but "he turned around and seen [sic] him still standing up, that's what made him come back and shoot him again." (Tr. Tr. 408, PageID 623).

Desheila Dean testified Champion was on the ground when Jackson shot him **again** (Tr. p. 361; PageID 576). Two pages later she testifies Jackson "stood over" Champion and shot him. She repeated that testimony twice on cross-examination (Tr. Tr. p. 380-381; PageID 595-596). She says it was Jackson who turned the table over (Tr. Tr. p. 367; PageID 582).

Far from exonerating Jackson, the testimony of these two women alone would have been enough to satisfy the *Jackson v. Virginia* standard in support of his conviction. And this is the testimony on which Jackson relies and which he accuses the Magistrate Judge of not reading.

---

[1] The trial transcript pages as they appear in the original are included along with the PageID references which appear on the same pages as they have been filed with this Court.

Jackson claims his own testimony about the shooting several weeks before was unrefuted. That hardly matters to the outcome. Killing a man because a member of his family shot your brother several weeks before is neither self-defense nor manslaughter, but more like the escalation of a feud. Mr. Jackson may believe that is what his or his family's honor demanded under the circumstances, but Ohio law does not accept such actions.

Mr. Jackson's view of the evidence seems to be that if the evidence is in conflict, he cannot have been proven guilty beyond a reasonable doubt. But it is the rare tried case which has no conflict of testimony and resolving those conflicts is for the jury.

## Ground Four: Excessive Sentence

Jackson's Fourth Ground for Relief as pled is "[t]he trial court erred to the prejudice of the Appellant [sic] by imposing a sentence that is contrary to law because it is excessive." (Petition, Doc. No. 1.) The Warden asserted in the Return of Writ that this claim had never been presented to the state courts as a federal constitutional claim. Jackson never responded directly, but said sentences are appealable under Ohio law for abuse of discretion. As noted in the original Report, abuse of discretion is not a federal constitutional violation (Report, Doc. No. 19, PageID 1180). In his Objections, Petitioner accused the Magistrate Judge of "tak[ing] cover behind the procedural bar." (Objections, Doc. No. 17, PageID 1167.) In the Supplemental Report, the Magistrate Judge explained the doctrine for fair presentation at some length and noted that the Eighth Amendment and the Cruel and Unusual Punishment Clause were never mentioned in the state court proceedings, but only state law about abuse of discretion (Doc. No. 19, PageID 1175-1178).

Jackson now objects that he did present the claim as a federal constitutional claim. However, he cites to no place in the record where he mentioned the Constitution. He claims he relied on "State cases employing Federal Constitutional Analysis" (Objections, Doc. No. 21, PageID 1190), but he does not cite to any place where he cited such a case. His argument on this assignment of error is quoted in full in the Supplemental Report (Doc. No. 19, PageID 1176). The only case cited is *State v. Kalish*, 120 Ohio St. 3d 23 (2008), which says nothing about the Eighth Amendment or Cruel and Unusual Punishment.

Finally, Jackson accuses the Magistrate Judge of "not affording this Petitioner's pro se pleadings the deference they are due by Law in this Circuit." (Objections, Doc. No. 21, PageID 1190, citing *Urbina v. Thomas*, 270 F. 3d 292 (6th Cir. 2001). A *pro se* litigant's pleadings are entitled to liberal construction as held by the Sixth Circuit in *Urbina* and by the Supreme Court in *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); and *McNeil v. United States,* 508 U.S. 106, 113 (1993). But the question of fair presentation does not look at Jackson's pleadings in this Court, but rather what his lawyer argued on appeal in the state courts. His counsel did not make a federal constitutional claim about the length of sentence.

It is again respectfully recommended that Ground Four be dismissed as procedurally defaulted.

**Ground Five: Allied Offenses or Double Jeopardy**

Ground Five as pled reads "The trial court erred to the prejudice of Appellant [sic] sentencing him on counts 2, 3, and 4, as they were offenses of similar import and should have

been merged." (Petition, Doc. No. 1). The original Report recommended this claim be dismissed on the merits because it does not state a claim under the Constitution, i.e., there is no federal constitutional prohibition on punishing separate but "allied offenses of similar import," as some offenses are categorized under Ohio law (Report, Doc. No. 15, PageID 1156).

Jackson objected that he was really raising a Double Jeopardy claim here, even though the Petition says nothing about double jeopardy. He then asserted that his attorney had argued this claim as a double jeopardy claim in the state courts. Citing the appropriate pages of the appellate brief, the Magistrate Judge concluded the claim had been argued on appeal "solely as a matter of state law . . . on the basis of state case law." (Supplemental Report, Doc. No. 19, PageID 1181.) Thus any double jeopardy claim had not been fairly presented to the state courts and was procedurally defaulted.

Jackson now says (Objections, Doc. No. 21, PageID 1191) that this holding is contrary to what this Magistrate Judge held in *Bray v. Warden*, Case No. 3:12-cv-303, 2012 U.S. Dist. LEXIS 140165 (S.D. Ohio Sept. 28, 2012). Discussing this issue in *Bray*, the Magistrate Judge wrote:

> In his Second Ground for Relief, Bray contends his receiving maximum consecutive sentences for the violation of multiple statutes by a single act violates the Double Jeopardy Clause. In that [sic] court of appeals, he did not plead this claim as a double jeopardy violation, but rather as a violation of Ohio's allied offense statute, Ohio Revised Code § 2941.25. This Court cannot reexamine the state court's decision of state law questions.
>
> As noted in the court of appeals' opinion, however, Ohio Revised Code § 2941.25 was adopted to protect double jeopardy rights and Petitioner's Double Jeopardy claim is preserved by his allied offenses claim in the state courts.

*Id.* at *11-12. Thus the holding on this point in the prior case is that *Bray* fairly presented **his** double jeopardy claim in the state courts, not that everyone who raises an allied offenses argument will have successfully preserved a double jeopardy claim. In *Bray* the Ohio Second District Court of Appeals had at least adverted to the federal Double Jeopardy Clause in its decision. *State v. Bray*, 2011-Ohio-4660 ¶ 17, 2011 Ohio App. LEXIS 3857 (Ohio App. 2nd District Sept. 16, 2011), *citing State v. Barker*, 183 Ohio App.3d 414, 2009 Ohio 3511, ¶22, 917 N.E.2d 324, *citing State v. Rance*, 85 Ohio St.3d 632, 1999 Ohio 291, 710 N.E.2d 699 (1999), overruled on other grounds by *State v. Johnson*, 128 Ohio St.3d 153, 2010 Ohio 6314, 942 N.E.2d 1061 (2010). The Report and Recommendations in *Bray* was filed upon initial review, so this Court did not and does not presently have before it Bray's appellate brief and therefore cannot say how the question was argued to the Second District Court of Appeals. In this case, of course, the full record is available and Jackson's appellate counsel clearly made no reference to the Double Jeopardy Clause.

In any event, Jackson misunderstands the result in *Bray*[2]. He asserts "the Magistrate concluded that a violation of O.R.C. § 2941.25 is a Double Jeopardy violation under the 5th Amendment and *Pierce v. North Carolina*. . ." (Objections, Doc. No. 21, PageID 1191). In fact, the Magistrate Judge in *Bray* concluded there had been no double jeopardy violation and recommended that Bray's double jeopardy ground for relief be dismissed with prejudice. *Bray v. Warden*, supra, *12-14.

Thus the Fourth Ground for Relief is indeed procedurally defaulted. But even if the claim were preserved for merits review, Jackson would not be entitled to relief for the following reasons.

---

[2] The misunderstanding is surprising since Jackson informs the Court the papers in this case and in *Bray* have been "prepared by the same [anonymous] Prison Law Clerk." (Objections, Doc. No. 21, PageID 1191.)

The Double Jeopardy Clause of the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165(1977), *quoting North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). Mr. Jackson claims he has been punished more than once for the same offense, thus claiming a violation of the third branch of the *Pearce* holding.

The test for whether two offenses constitute the same offense for double jeopardy purposes is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688 (1993); *Blockburger v. United States*, 284 U.S. 299 (1932). Where two offenses are the same for *Blockburger* purposes, multiple punishments can be imposed if the legislature clearly intended to do so. *Albernaz v. United States*, 450 U.S. 333, 344 (1981); *Missouri v. Hunter*, 459 U.S. 359, 366 (1983); *Ohio v. Johnson*, 467 U.S. 493, 499 (1984); and *Garrett v. United States*, 471 U.S. 773, 779 (1985).

Jackson argues he is being punished in violation of the Double Jeopardy Clause because the "murder charge and the felonious assault charge stem from the same fight in the hallway." (Objections, Doc. No. 21, PageID 1191.) But that is not the test under the Double Jeopardy Clause. Under Ohio law, felonious assault and murder have elements that are different. Felonious assault under Ohio Revised Code § 2903.11, as it was charged in this case, requires proof that the defendant inflicted serious physical harm on another person. Murder under Ohio Revised Code § 2903.02 requires that the defendant purposely cause the death of the victim. For double jeopardy purposes, these are not the same offense because felonious assault can be committed without the element of purpose or a resulting death. That is, the two offenses as

defined have different elements. There is no violation of the Double Jeopardy Clause in punishing them separately.

Jackson is correct that the Ohio Supreme Court has held that murder and serious physical harm felonious assault are allied offenses of similar import for purposes of Ohio Revised Code § 2941.25. *State v. Williams*, 124 Ohio St. 3d 381 (2010). He made that argument in the court of appeals: "the gravamen of Jackson's argument is that felony murder, as charged in count two, and serious-harm felonious assault, as charged in count three, were allied offenses of similar import." *State v. Jackson*, 2010-Ohio-4312, ¶ 16, 2010 Ohio App. LEXIS 3654 (Ohio App. 1st Dist. Sept. 15, 2010). The court of appeals followed *Williams* and held "under the comparison-of-the-elements step of its analysis, the two offenses [in this case] are allied offenses of similar import." *Id.* at ¶ 21. Nevertheless, the court of appeals rejected Jackson's multiple punishment claim, holding:

> The murder or assault of a single victim by a single perpetrator who fires multiple gunshots often results in only a single punishment. The perpetrator's discharge of gunshots in rapid succession either constitutes a single, continuous act [Footnote omitted] or is evidence of a single animus to harm the victim with some of the attacker's shots achieving his purpose and some striking wide of the mark. [Footnote omitted.] But Jackson's conduct was radically different. After wounding Champion with his first shot, Jackson fled from the hallway, descended a staircase, and headed toward the building exit. But instead of leaving the seriously injured Champion in the hallway, Jackson returned, saw that Champion had struggled to his feet, and shot him in the back, inflicting a mortal wound.

*Id.*. at ¶ 26. Thus even if the analysis under the Double Jeopardy Clause and the Ohio allied offense statue were completely parallel, this holding of the court of appeals is not an objectively unreasonable application of *Pearce*: Jackson shot Champion (felonious assault inflicting serious physical harm), began to run away, then returned and fired the fatal shot (murder). The offenses

9

were in close proximity in time and place, but committed with separate animus. "Reviewing Jackson's conduct, we are persuaded that the evidence supports the conclusion that he had knowingly caused serious physical harm to Champion with the first shot but that he had a more malevolent goal for the second shot." *Id.* at ¶ 27.

But the analysis under the Double Jeopardy Clause and Ohio Revised Code § 2941.25 is not completely parallel. While that statute protects the same interests as the Double Jeopardy Clause, it is much broader than the Double Jeopardy Clause. Two offenses are different, for double jeopardy purposes, whenever each contains an element that the other does not. *See, e.g.*, *Blockburger v. United States,* 284 U.S. 299 (1932). Comparison of the elements is only the first step in the §2941.25 analysis. If the elements of the two crimes correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the Ohio court must proceed to the second stage of deciding whether they were committed separately or with a separate animus. *City of Newark v. Vazirani*, 48 Ohio St. 3d 81, 549 N.E. 2d 520 (1990).

> In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), courts are required to compare the elements of offenses in the abstract without considering the evidence in the case, but are not required to find an exact alignment of the elements. Instead, if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in commission of the other, then the offenses are allied offenses of similar import. (*State v. Rance* (1999), 85 Ohio St.3d 632, 1999 Ohio 291, 710 N.E.2d 699, clarified.)"

*State v. Cabrales*, 118 Ohio St. 3d 54, 886 N.E. 2d 181 (2008) ¶ 1 of the syllabus. Thus a habeas petitioner might be entitled to relief under Ohio Revised Code § 2941.25 when there was no double jeopardy violation involved. As noted above, a federal habeas court cannot grant relief on a § 2941.25 claim even if it is persuaded the state courts mistakenly refused relief. The

second prong of § 2941.25 analysis is no part of the double jeopardy analysis.

The Fifth Ground for Relief should therefore be dismissed with prejudice because (1) as pled it does not state a violation of the United States Constitution, or (2) it is procedurally defaulted by failure to present it to the state courts as a federal constitutional claim, or (3) it is without merit when construed as double jeopardy claim.

## Conclusion

Based on the foregoing analysis, it is again respectfully recommended that the Petition be dismissed with prejudice, a certificate of appealability be denied, and the Court certify any appeal would not be taken in objective good faith.

November 15, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).