```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

DION JACKSON,                     :
                                  :
        Petitioner,                :     NO. 1:11-CV-00449
                                  :
   v.                             :
                                  :     **OPINION AND ORDER**
TIMOTHY BRUNSMAN, Warden,         :
                                  :
        Respondent.                :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 15), Petitioner's Objection (doc. 17), the Magistrate Judge's Supplemental Report and Recommendation (doc. 19), Petitioner's Objection (doc. 21), and the Magistrate Judge's Second Supplemental Report and Recommendation (doc. 23). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendations (docs. 15, 19, 23) and DENIES Petitioner's Petition for Writ of Habeas Corpus (doc. 1).

**I.    Background**

Petitioner was convicted by a jury on one count of murder and two counts of felonious assault, each with a firearm specification (doc. 15). The trial judge imposed a sentence of twenty-six years to life (Id.). Upon Petitioner's appeal with the assistance of counsel, the Hamilton County Court of Appeals affirmed the judgment of the trial court, and the Ohio Supreme Court declined jurisdiction (docs. 15, 23).

Petitioner raises six grounds for relief in this pro se Petition for Writ of Habeas Corpus filed on July 5, 2011 (doc. 1). He argues 1) that the jury's findings were not supported by sufficient evidence as the state failed to meet its burden of proof, 2) that the jury's findings were contrary to law and against the manifest weight of the evidence, 3) that the trial court erred in not granting his motion for acquittal as the state failed to meet its burden of proof, 4) that the sentence imposed by the trial court is contrary to law because it is excessive, 5) that the trial court erred in not merging counts two, three, and four for sentencing as they were offenses of similar import, and 6) that the trial court erred in not giving a jury instruction for manslaughter and aggravated assault (doc. 15).

## II. The Magistrate Judge's Report and Recommendation

In his three Report and Recommendations, the Magistrate Judge thoroughly reviewed the factual background and applicable law, and found that the Petition should be dismissed with prejudice (docs. 15, 19, 23).

### A. Grounds One and Three

The Magistrate Judge observed that Grounds One and Three raised the same claim - that there was insufficient evidence to convict (doc. 15). After establishing that challenging the legal sufficiency of evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the

Magistrate Judge explained the two levels of deference to state decisions required in Brown v. Konteh, 567 F.3d 191, 205 (6th Cir. 2009) (doc. 15). After reviewing the trial transcript and noting that the testimony was in conflict, the Magistrate Judge recommended that Grounds One and Three be dismissed with prejudice as the court of appeals opinion applied the correct federal law and recited testimony that is sufficient to support conviction when construed most strongly in favor of the state (docs. 15, 19, 23).

**B.   Ground Two**

Citing State v. Thompkins, 78 Ohio St. 3d 380 (1997), the Magistrate Judge also recommended that Ground Two be dismissed as a ruling against the manifest weight of evidence is not cognizable in a federal habeas proceeding (doc. 15).

**C.   Ground Four**

The Magistrate Judge recommended that Ground Four be dismissed as procedurally defaulted as an Eighth Amendment issue was never "fairly presented" to the Ohio courts as a federal constitutional claim (doc. 19). Citing Wainwright v. Sykes, 433 U.S. 72 (1977), the Magistrate Judge noted that absent cause and prejudice, failing to comply with a State's rules of procedure waives a federal habeas petitioner's right to review (doc. 19). Going on to cite Murray v. Carrier, 477 U.S. 478, 485 (1986) and Maples v. Coyle, 171 F.3d 408, 413 (6th Cir. 1999), among other cases, the Magistrate Judge reported that failure to raise a

constitutional issue on direct appeal is subject to the cause and prejudice standard of Wainwright (doc. 19).

The Magistrate Judge explained that to preserve a federal constitutional claim for habeas review, it must be "fairly presented" to the state courts in a way which would provide them the opportunity to remedy the asserted constitutional violation (Id. citing Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006); Levine v. Torvik, 986 F.2d 1506, 1516 (6th Cir.), cert. denied, 509 U.S. 907 (1993), overruled in part on other grounds by Thompson v. Keohane, 516 U.S. 99 (1995); Riggins v. McMackin, 935 F.2d 790 (6th Cir. 1991)). Furthermore, the Magistrate Judge noted that a federal claim is not "fairly presented" to a state court if that court must read beyond a petition or brief to alert it to the presence of such a claim (Id. citing Baldwin v. Reese, 541 U.S. 27 (2004)).

Examining Petitioner's entire claim to the court of appeals, the Magistrate Judge found that the Eighth Amendment and Cruel and Unusual Punishment Clause were never mentioned and that no federal cases were cited (Id.). As nothing about Petitioner's presentation of Ground Four would have alerted the court of appeals to a federal constitutional question, the Magistrate Judge determined that the claim was procedurally defaulted (Id.). While Petitioner argues that the Magistrate Judge did not give him the deference he was due as a pro se litigant, the Magistrate Judge dismisses this claim by noting that though a pro se litigant's

4

pleadings are entitled to liberal construction under <u>Urbina v. Thomas</u>, 270 F.3d 292 (6th Cir. 2001), the question of fair presentation raised by Ground Four looks at what Petitioner's lawyers argued on appeal in state court, not at this habeas petition (docs. 21, 23).  As such, the Magistrate Judge recommended that Ground Four be dismissed as procedurally defaulted (doc. 23).

**D.  Ground Five**

The Magistrate Judge recommended dismissal of Ground Five as the claim that sentences of similar import were not merged was stated solely on a matter of state law, was procedurally defaulted by not being fairly presented to the state courts, and is without merit (<u>Id</u>.).  As Petitioner claimed the court of appeals was wrong in its interpretation of Ohio Revised Code § 2941.25, the Magistrate Judge concluded that a constitutional claim of double jeopardy was never raised (doc. 15).  In his Supplemental Report and Recommendations, the Magistrate Judge concluded that because double jeopardy was never mentioned, nor were any of the state cases cited by Petitioner based on the Double Jeopardy Clause, the claim was never fairly presented to the state court (doc. 19).

Even if the claim was fairly presented, the Magistrate Judge explained, Petitioner would not be entitled to relief on the merits (doc. 23).  The Magistrate Judge referenced the test for whether two offenses constitute the same offense for double jeopardy purposes as being "whether each offense contains an element not

5

contained in the other" (Id. citing United States v. Dixon, 509 U.S. 688 (1993); Blockburger v. United States, 284 U.S. 299 (1932)). As felonious assault under Ohio Revised Code § 2903.11 requires proof that the defendant inflicted serious physical harm on another person and murder under Ohio Revised Code § 2903.02 requires that a defendant purposefully cause the death of a victim, the Magistrate Judge concluded that these charges have elements that are different (Id.).

The Magistrate Judge accepted Petitioner's contention that murder and felonious assault are allied offenses of similar import for purposes of Ohio Revised Code § 2941.25 (Id. citing State v. Williams, 124 Ohio St. 3d 381 (2010)). This contention was similarly accepted by the court of appeals, but the claim was rejected because of the facts of the case (Id. citing State v. Jackson, No. C-090414, 2010 Ohio App. LEXIS 3654, **19-20, (Ohio App. 1st Dist. Sept. 15, 2010) ("After wounding Champion with his first shot, Jackson fled from the hallway . . . But instead of leaving the seriously injured Champion in the Hallway, Jackson returned, saw Champion had struggled to his feet, and shot him in the back, inflicting a mortal wound")). Even if the analysis of the Double Jeopardy Clause and Ohio statutes were completely parallel, the Magistrate notes, the rejection of Petitioner's claim by the court of appeals was not unreasonable (Id.). Because Petitioner does not raise a constitutional question, did not fairly  present

6

a constitutional question to the state courts, and a double jeopardy claim is without merit, the Magistrate recommended dismissal of Ground Five (Id.).

**E.   Ground Six**

The Magistrate Judge also recommended dismissal of Petitioner's Sixth Ground for Relief (docs. 15, 19). Noting that Petitioner raised the claim on direct appeal, the Magistrate Judge cited the court of appeals' finding that there was no evidence to support the requested jury instruction (doc. 15 citing State v. Jackson, No. C-090414, 2010 Ohio App. LEXIS 3654 (Ohio App. 1st Dist. Sept. 15, 2010)). As a defendant is only entitled to a lesser-included offense instruction as a matter of federal constitutional law if the evidence warrants it, the Magistrate deferred to the court of appeals as Petitioner cited no references to contradict the trial court record (Id. citing Beck v. Alabama, 447 U.S. 625 (1980); Keeble v. United States, 412 U.S. 205 (1973); State v. Kilby, 50 Ohio St. 2d 21 (1977)). After reading the trial transcript, the Magistrate Judge reiterated that the court of appeals decision was not objectively unreasonable (doc. 19). Finally, the Magistrate Judge recommended that the Court deny the Petitioner a certificate of appealability and certify to the Sixth Circuit that an appeal would be objectively frivolous such that petitioner should not be entitled to proceed in forma pauperis (docs. 15, 23).

7

**III. Discussion**

Having reviewed this matter, the Court finds the Magistrate Judge's Reports and Recommendations thorough and well-reasoned and ADOPTS and AFFIRMS the Magistrate Judge's recommendation that Petitioner's Petition for Writ of Habeas Corpus be DENIED.

Despite conflict between the testimony of Petitioner and other witnesses, review of the trial record shows that there is evidence to support conviction if construed most strongly in favor of the State. <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979); <u>United States v. Paige</u>, 470 F.3d 603 (6th Cir. 2006); <u>United States v. Somerset</u>, No. 3:03po002, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007, October 12, 2007). The Magistrate Judge correctly determined that deference to the state courts was proper on Grounds One and Three.

Ground Two is without merit as admitted in Petitioner's objection (doc. 17).

Petitioner's Fourth Ground fails to state a federal issue and was not fairly presented as such in state court. Petitioner argues that his claim is "well within the mainstream of pertinent Constitutional Law [sic]" (doc. 21). The Magistrate Judge correctly notes, however, that abuse of discretion is not a federal constitutional violation (doc. 15 <u>citing</u> <u>Sinistaj v. Burt</u>, 66 F.3d 804 (6th Cir. 1995)). Additionally, Petitioner argues that a

8

federal claim was raised in state court, but the Magistrate Judge's step-by-step analysis of fair presentment and review of Petitioner's state court claims shows a failure on the part of the Petitioner to do so. Finally, Petitioner's pleadings are not entitled to liberal construction under Urbina as he had counsel for his direct appeal. Petitioner failed to raise a federal issue in both this Petition and in state court.

Petitioner fails to make a compelling argument as to his Fifth Ground. First, in arguing that his convictions should have been merged for sentencing purposes, Petitioner fails to raise a federal issue. The Magistrate Judge correctly points out that there is no federal prohibition on punishing separate but allied offenses of similar import (docs. 15, 19, 23). Second, no federal claim was presented to the state courts. Though Petitioner argues that he was attempting to raise a double jeopardy claim, the Magistrate Judge correctly concluded that the claim had only been argued on the basis of state law. Finally, the Court agrees with the Magistrate Judge's assessment of the merits of the claim (doc. 23).

Petitioner's Sixth Ground for Relief is unsupported as Petitioner failed to cite any reference to contradict the trial court record. The Magistrate Judge correctly determined that the court of appeals decision on this claim was not objectively unreasonable (docs. 15, 19).

For the reasons stated above, the Court ADOPTS and AFFIRMS

the Magistrate Judge's Report and Recommendations (docs. 15, 19, 23).  Therefore, Petitioner's Petition for Writ of Habeas Corpus (doc. 1) is DENIED WITH PREJUDICE.  The Court further FINDS that a certificate of appealability should not issue with respect to the Petition because Petitioner has failed to make a substantial showing of the denial of a constitutional right based on the claims alleged therein.  28 U.S.C. §2253(c), Fed. R. App. P. 22(b).  Finally, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by Petitioner to proceed on appeal in *forma pauperis*, an appeal of this Order would not be taken in good faith and therefore the Court DENIES Petitioner leave to appeal in *forma pauperis* upon a showing of financial necessity.  Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

       SO ORDERED.


Dated: June 11, 2013        s/S. Arthur Spiegel
                                      S. Arthur Spiegel
                                      United States Senior District Judge